UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RYECHINE A. MONEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:18-CV-1888 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's pro se motion to vacate, set aside or correct his sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C.§§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and dismissed as successive.

**Background**

On December 22, 2010, movant was charged in a single-count indictment charging that movant "did knowingly transport, transmit and transfer in interstate commerce money having a value of more than $5,000.00, while knowing said money to have been stolen, converted or taken by fraud." *United States v. Money*, No. 4:10CR678 CEJ (E.D.Mo.).

On March 3, 2011, movant plead guilty to a two-count superseding information charging that movant: (1) "did unlawfully obstruct, delay, and affect commerce …in that [he and others] did unlawfully take and obtain an article or commodity to wit: US currency from persons or employees of ATM Solutions against their will by means of actual and threatened force, violence and fear of injury to their persons" in violation of 18 U.S.C. §§ 2 and 1951(a) (Count I); and (2) did knowingly possess firearms in furtherance of the crime of violence set forth in Count I, in violation of 18

1

U.S.C. § 924(c) (Count II). The District Court sentenced movant on May 31, 2011. Finding that movant was a career offender under the U.S. Sentencing Guidelines ("U.S.S.G."), the District Court sentenced movant to a 151-month term of imprisonment on Count I and an 84-month consecutive term of imprisonment on Count II, for an aggregate sentence of 235 months.

Movant appealed his conviction to the Eighth Circuit Court of Appeals. The Court of Appeals affirmed his conviction in a per curiam opinion issued February 22, 2012. *United States v. Money*, No. 11-2229 (8th Cir. 2012).

Movant filed his first motion for post-conviction relief under 28 U.S.C. § 2255 on March 6, 2014. *Money v. United States*, 4:14-CV-422 CEJ (E.D.Mo.). The District Court denied the motion to vacate as time barred. The Eighth Circuit Court of Appeals rejected movant's request for certificate for appealability. *Money v. United States*, No. 14-2759 (8th Cir. 2015).

In June 27, 2016, movant filed a second motion to vacate based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Money v. United States*, No. 4:16-CV-1033 CEJ (E.D.Mo.). On March 3, 2017, the District Court transferred the matter to the Eighth Circuit Court of Appeals so that movant could seek permission to bring a second or successive habeas motion. *Money v. United States*, No. 17-1508 (8th Cir. 2017). Movant's request was denied by the Court of Appeals on June 29, 2017.

Movant filed a third motion to vacate on September 13, 2018, claiming that the Court lacked jurisdiction to sentence him as a career offender because the prosecutor failed to file copies of his prior indictments showing that he had been convicted of prior violent felonies. Money v. United States, No. 4:18-CV-1543 CDP (E.D.Mo.). The Court denied the motion to vacate as successive and dismissed the action on September 25, 2018. *Id.*

In the instant motion to vacate, movant claims that the United States Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (April 17, 2018), applies to invalidate his sentence.[1] Thus, movant seeks to have his criminal conviction and sentence at least partially set aside on the grounds outlined by the Supreme Court in *Dimaya* and *Johnson*.

**Discussion**

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be denied and dismissed as successive.

Accordingly,

---

[1] Movant's request for relief relies under the *Johnson* holding that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. The *Johnson* case focused upon the ACCA, which mandates sentencing enhancements for defendants previously convicted of three or more "violent felonies." 18 U.S.C. § 924(a). The *Johnson* court invalidated a portion of the ACCA called the residual clause, which concerned prior convictions for a "violent felony" that "otherwise involves conduct that presents a serious risk of potential risk of physical injury to another." 18 U.S.C. § 923(e)(2)(B); *see Johnson*, 135 S.Ct. 2551 (addressing *Johnson* petitioner's conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)). Although movant was not sentenced under the ACCA provisions at issue in *Johnson*, movant asserts that the *Johnson* analysis and holding should be extended to his "crime of violence" conviction under 18 U.S.C. § 924(c). In *Dimaya*, the Supreme Court held that the similarly-worded criminal law, 18 U.S.C. § 16(b), is unconstitutionally vague, but it "express[ed] no view" as to whether 18 U.S.C. § 924(c)(3)(B) fails for the same reason. However, not only is movant's argument secondary and successive, but also this Court also must be mindful of the holding in *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016), *cert. denied*, 138 S. Ct. 1976 (May 14, 2018).

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 15th day of November, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE